UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Hodak Sales, Inc., a California corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. |
| v. ) | |
| ) | |
| Processing Resources International, Inc. d/b/a ) | |
| Proc-X, an Illinois corporation, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT**

Plaintiff Hodak Sales, Inc., by and through its attorneys, Schoenberg, Finkel, Newman and Rosenberg, LLC, in accordance with the Federal Rules of Civil Procedure, and for its Complaint against Defendant Processing Resources International, Inc. d/b/a Proc-X, states as follows:

**PARTIES**

1. Plaintiff Hodak Sales, Inc. ("Hodak") is a California corporation with its principal place of business at 18281 Gothard Street, Suite 112, Huntington Beach, CA, 92649.

2. Defendant Processing Resources International, Inc. d/b/a Proc-X ("Proc-X") is an Illinois corporation with its principal place of business at 737 Oakridge Drive, Romeoville, Illinois, 60446.

**JURISDICTION AND VENUE**

3. Jurisdiction is proper in this Court in accordance with 28 U.S.C. § 1332(a) because complete diversity exists between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court in accordance with 28 U.S.C. § 1391(b) because Proc-X's principal place of business is within the Northern District of Illinois, and because a substantial

1

part of the events or omissions giving rise to the claims at issue occurred within the Northern District of Illinois.

## COUNT I: BREACH OF 2016 AGREEMENT

5. Hodak is an independent sales representative for manufacturers of commercial appliances and equipment in the food service industry.

6. As an independent sales representative, Hodak solicits orders on behalf of manufacturers within a defined, pre-assigned, territory. In exchange for soliciting orders on behalf of manufacturers, those manufacturers pay Hodak a percentage of the gross amount of the sale, commonly known as a "commission."

7. Proc-X manufactures industrial and commercial appliances and equipment for customers in the food service industry.

8. On or around January 1, 2016, Hodak and Proc-X entered into a sales representative agreement (the "2016 Agreement"), a true and correct copy is attached as Exhibit A.

9. Under Paragraph 2 of the 2016 Agreement, Proc-X appointed Hodak "as its sales rep for the Products in the Territory…[Hodak's] sole authority shall be to solicit orders for the Products in the Territory in accordance with the terms of this Agreement." (Ex. A ¶ 2.)

10. The 2016 Agreement does not define Products, but the Parties understood, and operated with the understanding, that Hodak would represent Proc-X in selling industrial and commercial appliances in Proc-X's Firex, Fuxion, Moduline, and Confx product lines.

11. The 2016 Agreement defines the Territory as "California, Nevada, Hawaii." (Ex. A at 1.)

12. Paragraph 8 of the 2016 Agreement governs commissions, and states that "[a] 10% commission shall apply to all orders solicited by [Hodak] from the Territory that have been accepted by Company and for which shipment has occurred." (Ex. A ¶ 8.)

13. Under the terms of the 2016 Agreement, "[t]he commission on a given order shall be due and payable when paid by the customer and be due within 30 days after such payment is received." (Ex. A ¶ 8.)

14. Illinois law governs the 2016 Agreement. (Ex. A ¶ 16.)

15. Hodak fully performed as was required of it under the terms of the 2016 Agreement.

16. In or around February 2016, Specialty Restaurants ("Specialty"), a customer solicited by Hodak, returned to Proc-X tilting skillets it had purchased, complaining that they were defective. When Proc-X examined the return skillets, it claimed that the skillets were damaged in transit back to Proc-X.

17. Without any contractual or other legal basis to do so, Proc-X withheld $20,800 of Hodak's commissions for the alleged damage to the returned skillets from Specialty. Proc-X promised to repay Hodak the $20,800 once Proc-X had resolved its dispute with Speciality regarding the damaged returned product. Upon information and belief, the dispute between Specialty and Proc-X has been resolved and Proc-X has received payment from Speciality. However, Proc-X never paid Hodak the commissions it wrongfully withheld from Hodak.

18. Proc-X also failed to pay other commissions due Hodak under the 2016 Agreement.

19. Proc-X breached the 2016 Agreement by wrongfully withholding commissions and refusing to pay commissions.

20. Proc-X's breaches of the 2016 Agreement harmed Hodak in an amount to be determined at trial.

WHEREFORE, Plaintiff Hodak Sales, Inc. prays that the Court enter judgment on its behalf and against Defendant Processing Resources International, Inc. d/b/a Proc-X on Count I of its Complaint, and enter an Order:

    a.    Requiring Defendant Processing Resources International, Inc. d/b/a Proc-X to provide an accounting of all sales in the Territory from orders received from customers in the Territory from January 1, 2016 through the time of trial in this matter;

    b.    Awarding Plaintiff Hodak Sales, Inc. damages in an amount to be proven at trial; and

    c.    Awarding Plaintiff Hodak Sales, Inc. such further relief as the Court deems just and appropriate.

### COUNT II: BREACH OF 2017 AGREEMENT

21.    Hodak incorporates the allegations in Paragraphs 1-7 as if fully stated herein.

22.    On or around January 1, 2017, Hodak and Proc-X entered into a Representative Group Contract (the "2017 Agreement"), a true and correct copy of which is attached hereto as Exhibit B.

23.    Under Paragraph 2 of the 2017 Agreement, Proc-X appointed Hodak "as its sales and marketing rep for the Products in the Territory…[Hodak's] sole authority shall be to solicit orders for the Products in the Territory in accordance with the terms of this Agreement." (Ex. B ¶ 2.)

24.    Paragraph 1 defines "products" as "[a]ll products manufactured by Firex, Fusion, Proc-X et al." (Ex. B ¶ 1.)

25.    The 2017 Agreement defines Hodak's territory as "Southern Cal, [sic] Clark Co. NV [sic], Hawaii, Arizona & NM [sic]" as well as all received orders from "Northern Cal and Northern NV until notified, Taco Bell et al [sic]" (the "Territory").

26. Under the terms of the 2017 Agreement "[a] 10% commission *shall* apply to all orders solicited by [Hodak] from the Territory that have been accepted by [Proc-X] and for which shipment has occurred." (Ex. B. ¶ 8) (emphasis added).

27. The 2017 Agreement further stated: "[t]he commission on a given order *shall* be due and payable when paid by the customer and be due within 30 days after such payment is received. Commissions will be paid in the third week of every month." (Ex. B ¶ 8) (emphasis added).

28. Under the terms of the 2017 Agreement, each party may terminate the 2017 Agreement with at least "30 Days [sic] written notice" to the other party. (Ex. B ¶ 10.)

29. The 2017 Agreement states that it "shall be construed and enforced according to the laws of the State of Illinois and any dispute under this Agreement must be brought in this venue and no other." (Ex. B ¶ 16.)

30. Hodak fully performed as required of it under the terms of the 2017 Agreement.

31. Proc-X has failed to pay all commissions due Hodak under the terms of the 2017 Agreement.

32. Proc-X continued to assure Hodak that it intended to pay all commissions due and owing under the 2017 Agreement. Based on Proc-X's repeated assurances, Hodak continued to solicit orders from customers within the Territory on Proc-X's behalf. Despite Proc-X's repeated assurances, it never paid any commissions to Hodak in 2017

33. On or around July 10, 2017, via email, Proc-X provided its 30-day notice to terminate the 2017 Agreement. Proc-X terminated the 2017 Agreement on August 9, 2017.

34. Under the terms of the 2017 Agreement, Proc-X is required to pay commissions on *all* orders solicited by Hodak that are accepted and shipped by Proc-X, regardless of whether those orders are accepted and shipped after Proc-X terminated the 2017 Agreement.

35. Beginning in January 2017, and continuing up to and including the date of filing this Complaint, Proc-X failed to pay any commissions on orders solicited by Hodak that were accepted and shipped by Proc-X.

36. Proc-X breached and continues to breach the 2017 Agreement by failing to pay commissions due and owing to Hodak under the terms of the 2017 Agreement.

37. Proc-X's breaches of the 2017 Agreement have harmed Hodak in amount exceeding $75,000.00.

WHEREFORE, Plaintiff Hodak Sales, Inc. prays that the Court enter judgment on its behalf and against Defendant Processing Resources International, Inc. d/b/a Proc-X on Count II of its Complaint, and enter an Order:

    a. Requiring Defendant Processing Resources International, Inc. d/b/a Proc-X to provide an accounting on all sales in the Territory from orders received from customers in the Territory from January 1, 2017 through the time of trial in this matter;

    b. Awarding Plaintiff Hodak Sales, Inc. damages in an amount to be proven at trial but in excess of $75,000.00; and

    c. Awarding Plaintiff Hodak Sales, Inc. such further relief as the Court deems just and appropriate.

### COUNT III:
### VIOLATION OF THE CALIFORNIA INDEPENDENT WHOLESALE SALES REPRESENTATIVE CONTRACTUAL RELATIONS ACT OF 1990 CAL. CIVIL CODE § 1738.10 *ET SEQ.*

38. Hodak realleges and reincorporates Paragraphs 1-37 as if fully stated herein.

39. The California State Legislature has found that "independent wholesale sales representatives are a key ingredient to the California economy." Cal. Civ. Code § 1738.10.

40. Under the California Independent Wholesale Sales Representative Contractual Relations Act of 1990 (the "California Act"), Hodak is a "wholesale sales representative," defined as:

> any person who contracts with a manufacturer, jobber, or distributor for the purpose of soliciting wholesale orders, is compensated, in whole or part, by commission, but shall not include one who places orders or purchases exclusively for his own account for resale and shall not include one who sells or takes orders for the direct sale of products to the ultimate consumer.

41. Under the California Act, Proc-X is a "manufacturer" defined as "any organization engaged in the business of producing, assembling, mining, weaving, importing or by any other method of fabrication, a product tangible or intangible, intended for resale to, or use by the consumers of this state." Cal. Civ. Code § 1738.12.

42. Under the California Act, a manufacturer who "willfully fails to pay commissions as provided in the written contract shall be liable to the sales representative in a civil action for treble damages proved at trial." Cal. Civ. Code § 1738.15.

43. Under the California Act, "[n]o contract shall contain any provision which waives any rights established pursuant to this chapter. Any such waiver is deemed contrary to public policy and void." Cal. Civ. Code § 1738.13. Therefore, the Agreement's provision purporting to require the Court to apply Illinois law is invalid.

44. Since January 2017, Proc-X willfully failed to pay commissions to Hodak as required by the 2017 Agreement. Proc-X paid *no* commissions to Hodak since January 2017, despite Hodak's repeated requests to Proc-X to do so. Instead of paying commissions as required by the 2017 Agreement, Proc-X instead repeatedly assured Hodak that it intended to pay

commissions as required. Proc-X's continuing non-payment of commissions is willful under California law, and entitles Hodak to treble damages as required by the California Act.

45. The California Act also entitles Hodak to receive as damages "reasonable attorney's fees and costs." Cal. Civ. Code § 1738.16.

WHEREFORE, Plaintiff Hodak Sales, Inc. prays that the Court enter judgment on its behalf and against Defendant Processing Resources International, Inc. d/b/a Proc-X on Count IV of its Complaint, and enter an Order:

  a. Requiring Defendant Processing Resources International, Inc. d/b/a Proc-X to provide an accounting on all sales in the Territory from orders received from customers in the Territory from January 1, 2017 through the time of trial in this matter;

  b. Awarding Plaintiff Hodak Sales, Inc. damages in an amount to be proven at trial but in excess of $75,000.00;

  c. Awarding Plaintiff Hodak Sales, Inc. treble damages in accordance with Cal. Civ. Code § 1738.15;

  d. Awarding Plaintiff Hodak Sales, Inc. reasonable attorney's fees and costs in accordance with Cal. Civ. Code § 1738.16; and

  e. Awarding Plaintiff Hodak Sales, Inc. such further relief as the Court deems just and appropriate.

**COUNT IV:**
**VIOLATION OF THE ILLINOIS SALES**
**REPRESENTATIVE ACT 820 ILL. COMP. STAT. § 120/1 *ET SEQ*.**
**(IN ALTERNATIVE TO COUNT III)**

46. Hodak realleges and reincorporates Paragraphs 1-37 as if fully stated herein.

47. Under the Illinois Sales Representative Act (the "Illinois Act"), Proc-X is a "principal," defined as:

> a sole proprietorship, partnership, corporation or other business entity whether or not it has a permanent or fixed place of business in this State and which: (A) Manufactures, produces, imports, or distributes a product for sale; (B) Contracts with a sales representative to solicit orders for the product; and (C) Compensates the sales representative, in whole or in part, by commission.

8

820 Ill. Comp. Stat. § 120/1.

48. Under the Illinois Act, Hodak is a "sales representative" defined as:

> a person who contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission, but shall not include one who places orders or purchases for his own account for resale or one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act.

820 Ill. Comp. Stat. § 120/1.

49. Under the Illinois Act, "[a]ll commissions due at the time of termination of a contract between a sales representative and principal *shall* be paid within 13 days of termination." 820 Ill. Comp. Stat. § 120/2. Per the terms of the Agreement, Proc-X gave notice of termination on July 10, 2017, and the 2017 Agreement terminated on August 9, 2017. The Illinois Act required Proc-X to pay all unpaid commissions due at the time of termination by August 22, 2017. It failed to do so.

50. Under the Illinois Act, "commissions that become due after termination shall be paid within 13 days of the date on which such commissions become due." 820 Ill. Comp. Stat. § 120/2. The 2017 Agreement required Proc-X to pay commissions on orders Hodak solicited on Proc-X's behalf that were accepted and shipped Proc-X after terminated Hodak. Proc-X failed to pay any commissions on post-termination orders, and is therefore in violation of this section of the Illinois Act.

51. Under the Illinois Act,

> [a] principal who fails to comply with the provisions of Section 2 concerning timely payment or with any contractual provision concerning timely payment of commissions due upon the termination of the contract with the sales representative, shall be liable tin a civil action for exemplary damages in an amount which does not exceed 3 times the amount of the commissions owed to the sales representative.

9

820 Ill. Comp. Stat. § 120/3.

52. By failing to pay commissions within the time required by both the Illinois Act and the Agreement, Proc-X violated the Illinois Act, and is liable for up to three times the amount of the unpaid commissions.

53. In addition, the Illinois Act requires that Proc-X pay Hodak's "reasonable attorney's fees and court costs." 820 Ill. Comp. Stat § 120/3.

WHEREFORE, Plaintiff Hodak Sales, Inc. prays that the Court enter judgment on its behalf and against Defendant Processing Resources International, Inc. d/b/a Proc-X on Count IV of its Complaint, and enter an Order:

    a. Requiring Defendant Processing Resources International, Inc. d/b/a Proc-X to provide an accounting on all sales in the Territory from orders received from customers in the Territory from January 1, 2017 through the time of trial in this matter;

    b. Awarding Plaintiff Hodak Sales, Inc. damages in an amount to be proven at trial but in excess of $75,000.00;

    c. Awarding Plaintiff Hodak Sales, Inc. treble damages in accordance with 820 Ill. Comp. Stat. § 120/3.

    d. Awarding Plaintiff Hodak Sales, Inc. reasonable attorney's fees and costs in accordance with 820 Ill. Comp. Stat. § 120/3; and

    e. Awarding Plaintiff Hodak Sales, Inc. such further relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiff, Hodak Sales, Inc., demands a trial by jury for all issues so triable.

Respectfully submitted,

Hodak Sales, Inc.

By: /s/ Daniel E. Beederman
      One of Its Attorneys

Daniel E. Beederman
Ehren M. Fournier
Schoenberg Finkel Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, IL 60606
(312) 648-2300